UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BRENDA J. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-241 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| FARM BUREAU INSURANCE CO., | ) | |
| et al., | ) | **OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This is a civil action brought by a *pro se* plaintiff, arising from a slip and fall that occurred on September 15, 2006, in the city of Lansing, Michigan. Plaintiff alleges that she was injured when she fell at 605 West Mt. Hope, property in the possession of defendant Theresa Stanley and owned by defendants Scott and Michelle Galbraith. The *pro se* complaint also names as a defendant Farm Bureau Insurance Co. Plaintiff premises federal question liability on the alleged violation by Farm Bureau Insurance Co. of the requirements of the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b)(2)(A). From the numerous attachments to plaintiff's complaint, it appears that Farm Bureau Insurance Co. is the liability insurer for the premises in question and has refused to pay plaintiff's medical bills, because the insurance company has concluded that the insured is not legally liable for plaintiff's injury. Plaintiff alleges that this violates the provisions of the Medicare Secondary Payer statute (MSP).

Dockets.Justia.com

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court concludes that plaintiff's *pro se* action is indisputably meritless. The complaint will therefore be dismissed for failure to state a claim under federal law.

## **Discussion**

The federal district courts are courts of limited jurisdiction. In general, the federal courts may hear civil actions only if the case arises under the federal Constitution or laws or involves parties of diverse citizenship. 28 U.S.C. §§ 1331-1332. From the face of the complaint, it appears that plaintiff and all defendants are citizens of the State of Michigan, so diversity jurisdiction does

not exist. The only basis for federal question jurisdiction is the alleged violation by Farm Bureau Insurance Co. of the requirements of the MSP statute.

The MSP statute was enacted in 1980 to reduce federal health care costs. The statute makes Medicare the secondary payer for medical services provided to Medicare beneficiaries, whenever payment is available from another primary payer. *Cochran v. United States Health Care Fin. Admin.*, 291 F.3d 775, 777 (11th Cir. 2002). The statute accomplishes this result in 42 U.S.C. § 1395y(b)(2)(A)(i), which essentially provides that Medicare payments may not be made "with respect to any item or service to the extent that payment has been made or can reasonably be expected to be made" under a primary plan. A primary plan includes group health coverage, worker's compensation coverage, and auto or liability insurance policies, among other sources. 42 U.S.C. § 1395y(b)(2)(A)(ii). "This means that if payment for covered services has been or is reasonably expected to be made by someone else, Medicare does not have to pay. In order to accommodate its beneficiaries, however, Medicare does make conditional payments for covered services, even when another source may be obligated to pay, if that other source is not expected to pay promptly." *Cochran*, 291 F.3d at 777.

The allegations of plaintiff's *pro se* complaint indicate that she made application to Farm Bureau Insurance Co. under a policy of liability insurance covering the premises where plaintiff was injured. The policy contains a typical clause covering bodily injury, which provides that the insurance company will pay, within policy limits, for bodily injury arising from the insured's negligence. Another provision of the policy, called "medical payments to others," reimburses out-of-pocket medical expenses to parties injured on the insured's property and does not require a showing of negligence. The limit of the medical payment coverage, however, is $1,000.00. After plaintiff

made her application to Farm Bureau Insurance, the insurer paid $1,000.00 under the medical payments coverage, but refused any further reimbursement, because the insurance company concluded that the accident was not caused by the insured's negligence. The medical records appended to the complaint show that plaintiff incurred medical expenses well exceeding $1,000.00. Plaintiff alleges (Compl., ¶ 15) that Medicare made conditional payment of other medical expenses, exceeding $45,000.00. Plaintiff alleges that the insurance company's failure to pay her medical expenses is a violation of the MSP statute.

Plaintiff's reading of the MSP statute is in error. The MSP creates a private cause of action for double damages in the case of a primary plan which "fails to provide for primary payment (or appropriate reimbursement)" in accordance with the requirements of the MSP. 42 U.S.C. § 1395y(b)(3)(A). A primary plan's duty to reimburse Medicare, however, arises only "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(2)(B)(ii). Congress amended the MSP in 2003 to specify the means available for demonstrating a primary plan's responsibility to pay:

> A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in the claim against the primary plan or the primary plan's insured, or by other means.

42 U.S.C. § 1395y(2)(B)(ii). Plaintiff does not allege, and the numerous attachments to her complaint do not demonstrate, that the property owners were ever adjudged liable for plaintiff's injury or that any of the other circumstances enumerated by the statute has occurred.

The federal courts have determined that no private right of action under the MSP statute arises against a party whose responsibility to pay medical bills has not yet been established.


*See, e.g., Glover v. Liggett Group, Inc.*, 459 F.3d 1304 (11th Cir. 2006).  Where, as here, the primary plan's alleged responsibility arises in tort, it is necessary to establish tort liability by a judgment or settlement before a private right of action arises under the MSP statute.  *Glover*, 459 F.3d at 1309-1310; *accord Stalley v. Sumner Regional Health Sys.*, No. 2:06-0074, 2007 WL 173686 (M.D. Tenn. Jan. 18, 2007); *Stalley v. Catholic Health Initiatives*, 458 F. Supp. 2d 958, 964 (E.D. Ark. 2006).

Plaintiff's complaint is based upon the erroneous legal conclusion that the MSP statute somehow makes Farm Bureau Insurance automatically liable to pay plaintiff's medical expenses, merely because that company insures the premises where plaintiff was injured.  The MSP statute does not purport to create any such direct liability, at least until the primary plan's responsibility has been "demonstrated" within the meaning of the statute.  Plaintiff's complaint affirmatively alleges that the insurance company is liable until such time as the company itself demonstrates its freedom from liability by means of a court judgment. (Compl., ¶ 7).  This stands the MSP statute on its head.  The plaintiff has the burden of proving the legal liability of the property owners in a state-court tort suit.  If plaintiff is successful in obtaining a judgment in her favor, then and only then will Farm Bureau Insurance Co. become responsible to reimburse Medicare for conditional payments advanced on behalf of plaintiff.  Until such time as the insurance company's responsibility has been demonstrated, plaintiff fails to state a claim upon which relief can be granted under the MSP statute.

**Conclusion**

The only alleged basis for federal court jurisdiction in this case is the Medicare Secondary Payer Act.  The court concludes that plaintiff has failed to state a claim upon which relief

can be granted against the insurance company defendant under that act. Plaintiff's claim against the insurance company will therefore be dismissed for failure to state a claim upon which relief can be granted. In the absence of diversity jurisdiction, this court has no authority to adjudicate the underlying tort claim between plaintiff and the premises owners, which must be brought in the appropriate state court.


Date:    March 21, 2007             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE